1  CAMPEAU GOODSELL SMITH, L.C.
   SCOTT L. GOODSELL, #122223
2  WILLIAM J. HEALY, #146158
   440 N. 1st Street, Suite 100
3  San Jose, California  95112
   Telephone:  (408) 295-9555
4  Facsimile:  (408) 295-6606

5  ATTORNEYS FOR
   Aisha A. Krechuniak,
6  as Executor of the Estate of
   Elizabeth B. Haviside
7

8              UNITED STATES BANKRUPTCY COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                   (San Jose Division)

11 In re:                          )  Case No. 11-60405
                                   )
12 ZIA JAMAL NOORZOY and CECELIA A. )  CHAPTER 7
   AUSTIN,                         )
13                                 )  **MEMORANDUM OF POINTS AND**
                                   )  **AUTHORITIES IN SUPPORT OF**
14            Debtor.              )  **MOTION FOR RELIEF FROM**
                                   )  **AUTOMATIC STAY**
15                                 )
                                   )  Date: April 16, 2012
16                                 )  Time: 9:30 a.m.
                                   )  Location:
17                                 )     United States Bankruptcy Court
                                   )     280 South 1st St.
18                                 )     San Jose, CA 95113
                                   )  Judge: Honorable Stephen L. Johnson
19                                 )

20      COME NOW, Aisha A. Krechuniak, as Executor of the Estate of Elizabeth B. Haviside

21 ("Executor" or "Moving Party"), and submit the following memorandum of points and authorities in

22 support if a Motion for Relief from Automatic Stay ("Motion") as to the Debtors ZIA JAMAL

23 NOORZOY and CECELIA A. AUSTIN ("Debtors") and Debtors' bankruptcy estate as follows:

24 **I. Summary of Motion.**

25      Moving Party moves this court for relief from the automatic stay with respect to the following

26 pending California probate state court matter: <u>In Re the Estate of Elizabeth B. Haviside, Aka E.B.</u>

27 <u>Haviside, Elizabeth Bonner Haviside,</u> Monterey County Superior Court Action No.: MP 19157

28

("Probate Matter") and the Executor's Petition for Instruction for Equitable Payment of Estate Taxes; Equitable Contribution Of Costs of Administration and Abatement of General Cash Gifts to Beneficiaries and First and Final Account of the Executor and Petition for its Settlement and Report and for Final Distribution; for Allowance of Compensation to Attorney for Services and Expenses Rendered ("Probate Petition").

Said Motion is made pursuant to Section 362(d)(1) of the United States Bankruptcy Code, Rule 4001 of the Federal Rules of Bankruptcy Procedure, and Local Rule 4001-1 of the United States Bankruptcy Court for the Northern District of California. Moving Party submits cause, as set forth in In re Johnson, (Bankr. D. Minn. 1989) 115 B.R. 634, 635-36, exists for several reasons, including but not limited to: (1) the Probate Matter and Probate Petition should result in a complete resolution of the matters therein; (2) the Probate Matter and Probate Petition do not have a substantive connection to the bankruptcy case at this time; (3) the probate court is a specialized tribunal designed to hear the Probate Matter and Probate Petition and has expertise in these matters; (4) the Probate Matter and Probate Petition involve state court issues of law and do not involve bankruptcy court issues; (5) the Probate Matter and Probate Petition involve third parties over whom the bankruptcy court lacks jurisdiction; (6) the Executor and third parties are burdened by the stay and the balance of the hurt falls heavily on the Executor and third parties; (7) Executor will likely prevail in Probate Matter and Probate Petition; (8) the Probate Matter and Probate Petition require the Debtors as a necessary and integral parties; (9) lifting the automatic stay will promote judicial economy because adjudicating the matter in the bankruptcy court would effectively replicate existing state court litigation; (11) lifting the automatic stay will avoid the potential for inconsistent findings of fact; and (12) Debtors will not be financially burdened because they are already parties to the Probate Matter.

**II. Factual Background.**

   **A. Relationship of Debtors and Moving Party.**

Moving Party is the probate court appointed executor of the estate of Elizabeth B. Haviside ("Decedent"). Decedent passed away on July 25, 2008 and was the mother of Aisha A. Krechuniak ("Executor"), Shad Hamid Noorzoy, and Zia Jamal Noorzoy ("Debtor Noorzoy") and mother-in-law

1 | to Cecelia A. Austin ("Debtor Austin").

2 | **B. Underlying Probate Matter.**

3 | Decedent's will and codicils were admitted to probate by on order by the Monterey County

4 | Superior Court on October 8, 2008. Executor was formally appointed executor by the Monterey

5 | County Superior Court and remains executor. There was little to no cash in the estate and the orderly

6 | administration of the estate was paid by petitioner Aisha A. Krechuniak totaling approximately

7 | $176,915.56, except the claim of James R. Stupar, counsel for petitioner.

8 | **C. Probate Petition.**

9 | Executor intends, subject to relief from the bankruptcy stay, to proceed with a Probate Petition

10 | which, inter alia, seeks a probate order to equitably allocate estate taxes among the heirs of the

11 | Decedent, including Executor, Debtor Noorzoy, and Hamid Noorzoy, and abate all general pecuniary

12 | gifts made by Decedent due to the lack of cash in the estate. A true and correct copy of a draft

13 | Probate Petition is attached to the declaration of Aisha A. Krechuniak as Exhibit A and incorporated

14 | herein.

15 | The Probate Petition seeks, in pertinent part, for an order of instructions on the allocation of

16 | estate taxes which may be due in the event the discounted oral promissory note is valued at its face

17 | value of $499,000 or whether the Internal Revenue Service will accept the discounted value as

18 | claimed by the estate in the amount of $100,000 and if any taxes are owed to be allocated in equal

19 | shares between the three direct heirs of decedent, namely: Executor (daughter), Debtor Noorzoy

20 | (son), and Hamid Noorzoy (son). In addition, the Probate Petition seeks an order that Debtor

21 | Noorzoy (and non-debtor Hamid Noorzoy) each share pro rata with the Executor Decedent's funeral

22 | and hospital bills on a 1/3 basis, or $8,637.80 each (1/3 of $25,913.40). Further, the Probate Petition

23 | seeks and order abating all cash gifts to all named beneficiaries, including Debtor Noorzoy and

24 | Debtor Austin, because the Decedent's estate does not have monies to pay such bequests.

25 | **D. Bankruptcy.**

26 | On November 10, 2011, a voluntary bankruptcy petition was filed by Debtors ZIA

27 | JAMAL NOORZOY and CECELIA A. AUSTIN under Title 11 of the United States Code

28 |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY**

3

commencing this Chapter 7 bankruptcy.  It is unclear if the Debtors' schedules make any reference to the Probate Matter.

**III. Legal Authorities.**

**A. Section 362 (D) Sets Forth the Various Grounds for Relief from the Automatic Stay. Moving Parties Seek Relief from Stay Pursuant to Section 362 (D)(1).**

Cause exist as it is necessary to permit pre-petition litigation to be concluded in another forum. (In re Castlerock Properties, 781 F.2d 159 (9th Cir. 1986); Packerland Packing Co., Inc. v. Griffith Brokerage Co. (In re S. Kemble), 776 F.2d 802 (9th Cir. 1985); In re Pro Football Weekly, Inc., 60 B.R. 824 (N.D. Ill. 1986); (Murray Indus. Inc. V. Aristech Chem. Corp., (In re Murray Indus., Inc.), (Bankr. M.D. Fla. 1990), 121 B.R. 635, 636)). It is within the sound discretion of the bankruptcy court to determine whether to grant relief from the automatic stay to allow litigation to continue in another forum. Id

To determine whether cause exists to lift the automatic stay, the bankruptcy court must balance the hardship to the movant if the movant cannot proceed with its lawsuit against he potential prejudice to the debtor, the bankruptcy estate, and the other creditors. (In re Marvin Johnson's Aut. Serv., (Bankr. N.D. Ala. 1996), 192 B.R. 1008, 1014). To aid in the balancing these equities, the bankruptcy court considers different factors in determining whether to grant relief from the automatic stay. Such factors include, but are not limited to: the existence of insurance coverage, whether the matter will present a financial burden on the debtor or the estate, judicial economy, status of state court litigation and resources previously allocated, presence of state and federal and bankruptcy issues, whether there are parties outside the bankruptcy court jurisdiction, necessity and importance of the debtor to the state court litigation and relief requested, probability of creditor's success on the merits, and whether the interests of the debtor and the estate would be better served by the resolution of the threshold bankruptcy law issues in the bankruptcy court before the addressing the issue of the forum for fixing and liquidating the claim. (Edmondson v. Am. W. Airlines, Inc. (In re Am W. Airlines, Inc.) (Bankr. D. Ariz. 1993), 148 B.R. 920, 923; In re Marvin Johnson's Aut. Serv., (Bankr. N.D. Ala. 1996), 192 B.R. 1008, 1014)

---

Case: 11-60405   Doc# 52-1   Filed: 03/28/12   Entered: 03/28/12 15:01:56   Page 4 of 6

**B. The Bankruptcy Court Does Not have Jurisdiction Over The Probate Matter and Probate Petition.**

Pursuant to In re Marshall, 547 U.S. 293, 126 S.Ct. 1735 (2006), the federal courts, including the bankruptcy courts, do not have jurisdiction over the Probate Matter or Probate Petition.

Several years ago, the Supreme Court, in an effort to clarify the scope of federal jurisdiction, noted that the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate and precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court.

The Probate Matter and Probate Petition are basic state probate court matters and fall outside the jurisdiction of the bankruptcy court.

**C. The Bankruptcy Court Has Specific Cause To Grant Relief From Stay And Allow The Probate Matter And Probate Petition To Proceed.**

The Bankruptcy Court has specific cause to grant relief from the automatic stay to allow the Probate Matter and Probate Petition to proceed. Such cause includes, but is not limited to:

\*\*the Probate Matter and Probate Petition should result in a complete resolution of the probate matters therein;

\*\*the Probate Matter and Probate Petition do not have a substantive connection to the bankruptcy case at this time;

\*\* the probate court is a specialized tribunal designed to hear the Probate Matter and Probate Petition and has expertise in these matters;

\*\*the Probate Matter and Probate Petition involve state court issues of law and do not involve bankruptcy court issues;

\*\* the Probate Matter and Probate Petition involve third parties over whom the bankruptcy court lacks jurisdiction (namely Decedent's heirs other than the Debtors[1]); and

\*\*the Probate Matter and Probate Petition require the Debtors as a necessary and integral

---

[1]The court may not have jurisdiction over the Executor although she has appeared before the court in a different capacity.

parties as they are heirs, are subject to the relief sought, and any orders relative to the Debtors may impact the estate and the rights of other heirs.

**D. The Bankruptcy Court Additional Cause To Grant Relief From Stay And Allow The Probate Matter And Probate Petition To Proceed.**

The Bankruptcy Court has additional cause to grant relief from the automatic stay to allow the Probate Matter and Probate Petition to proceed. Such cause includes, but is not limited to:

\*\*the Executor and third parties are burdened by the stay and the balance of the hurt falls heavily on the Executor and third parties;

\*\*Executor will likely prevail in Probate Matter and Probate Petition;

\*\*lifting the automatic stay will promote judicial economy because adjudicating the matter in the bankruptcy court would effectively replicate existing state court litigation;

\*\*lifting the automatic stay will avoid the potential for inconsistent findings of fact; and

\*\*Debtors will not be financially burdened because they are already parties to the Probate Matter.

**IV. Conclusion.**

Moving Party respectfully requests that the court lift the automatic stay as to the Debtors and the Debtors' estate with respect to the Probate Matter and Probate Petition and for such other and further relief as is just.

Dated: March 28, 2012

CAMPEAU GOODSELL SMITH
By: /s/ William J. Healy
    William J. Healy